WeldoN, J.,
delivered the opinion of the court:
This suit grows out of the improvements of the Muskingum River, in the State of Ohio, by the defendants in the year 1888-89, and is founded upon an alleged taking of land belonging to the claimant as executor. This case is similar in some respects to the case of John H. Morris, decided at the present term of the court, and grows out of the same transaction, but differs from it in the essential particulars that in this case there was no taking and appropriation of land in an appreciable quantity by the defendants.
The claimant, as the executor of the last will and testament of said decedent, was possessed of certain lands near what is called Beverley Dam, and in the improvement of said dam the Government by its construction caused a washout of the lands belonging to said claimant as executor, so that in the year 1889, a portion of the land was substantially destroyed. The evidence tended to show that the washout was caused by a faulty construction of the dam and hydrostatic pressure of the water on the banks of the river above, and that in consequence of those two causes an erosion of the bank was made, from which originated the damage to the land*of the claimant.
After the happening of the event the officers in charge of the work of the defendants entered into negotiations to purchase the land which was damaged; but the Secretary of War declined to enter into a contract to purchase, upon the ground that the price would not be properly payable out of the appropriations at his disposal for the improvement of the river.
If there had been a taking as shown in the Morris. Case, the law would be clearly in favor of the claimant’s right to recover; but without such taking no implied obligation arises, and claim *221 ant is without a remedy in this court. The counsel for the defendants contended upon the trial and argument of the case that the action sounded in tort, and came within the prohibition of the statute regulating the bringing of suits against the United States. (Act March 3, 1887, chap. 359, 1 Supp. R. S., 2d ed., 559.)
Assuming that the alleged grievance was the result of the faulty construction of the dam, or the hydrostatic pressure of the water on the bank, the damages would be the result of the fault of the defendants, and an action for such damages would “sound in tort” and come within the inhibited jurisdiction of the court.
This theory of the law is sustained by numerous decisions of the Supreme, this, and other courts, and is not now open to discussion. To sustain this view we cite the following: Gibson v. The United States (29 C. Cls. R., 18); Hollister v. The Union Co., (9 Conn., 444); Langford v. The United States (101 U. S., 341); Schillinger v. The United States (24 C. Cls. R., 278); Hill v. The United States (149 U. S., 593); United States v. Jones (131 U. S., 1); Schillinger v. The United States (155 U. S., 163); Friend v. The United States (ante).
A small portion of the claimant’s land was taken for the abutment of the dam, but the counsel declined to have it considered by the court, as it is unappreciable in value in comparison.with the land affected by the damage.
The judgment of the court is that the petition be dismissed.